UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- X
                                                        :
BOYER WORKS USA, LLC,                                   :
                                                        :      ORDER AND OPINION
                                       Plaintiff,       :      GRANTING MOTION FOR
                   -against-                            :      LEAVE TO FILE SECOND
                                                        :      AMENDED COMPLAINT, AND
RUBIK'S BRAND LIMITED, SPIN MASTER                      :      GRANTING IN PART AND
CORP., SPIN MASTER TOYS UK LIMITED,                     :      DENYING IN PART MOTION
and SPIN MASTER, INC.,                                  :      TO DISMISS
                                                        :
                                       Defendants.      :      21 Civ. 7468 (AKH)
                                                        :
------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Boyer Works USA, LLC ("Plaintiff") instituted this suit on September 7, 2021, against Defendants Rubik's Brand Limited ("RBL"), Spin Master Corporation ("SMC"), Spin Master Toys UK Limited ("SMTUK"), and Spin Master, Inc. ("SMI"), asserting claims under the Lanham Act, 15 U.S.C. § 1119, and Sherman and Clayton Antitrust Acts, 15 U.S.C. §§ 1, 2, 15 (ECF No. 1). On September 23, 2021, Plaintiff filed an amended complaint ("FAC"), as of right (ECF No. 23), and on October 22, 2021, Defendants moved to dismiss the FAC for improper service of process against Defendants RBL, SMC, and SMTUK (R. 12(b)(5)); lack of personal jurisdiction over all Defendants (R. 12(b)(2)); failure to state a claim against Defendants RBL, SMC, and SMI (R. 12(b)(6); and lack of subject matter jurisdiction (R. 12(b)(1)) (ECF No. 29).

Rather than filing an opposition, on November 5, 2021, Plaintiff instead attempted to file a second amended complaint ("SAC"), without Defendants' consent and without seeking leave of Court, to cure the deficiencies identified in Defendants' motion. The SAC would have added new substantive and jurisdictional allegations, corrected the names of existing defendants,

1

and named new Spin Master-related defendants (ECF No. 35). The district court Clerk rejected the filing, however, for failure to comply with Fed. R. Civ. P. 15 (ECF No. 41). Plaintiff failed to oppose Defendants' motion within the 14 days permitted under Local Rule 6.1(b). Defendants nevertheless filed a Reply on November 12, 2021, urging me to grant their unopposed motion (ECF No. 50). Thereafter, on November 16, 2021, Plaintiff moved for leave of Court to file its proposed second amended complaint ("SAC").

Accordingly, before me now are two motions: Plaintiff's motion to amend or correct the FAC pursuant to Fed. R. Civ. P. 15(a)(2) (ECF No. 51), and Defendants' pending motion to dismiss (ECF No. 29). I address each of the motions in turn, and for reasons provided below, the motion for leave is granted, and the motion to dismiss is granted in part and denied in part.

**I.      Motion for Leave to Amend**

   **A.      Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course, and in all other cases, a party may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). However Rule 15(a)(2) further provides that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave to amend should be liberally granted, district courts nevertheless "should generally . . . den[y leave] in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Banco Safra S.A.-Cayman Islands Branch v. Samarco Mineracao S.A.*, 849 Fed. Appx. 289, 295–96 (2d Cir. 2021) (quoting *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016)).

B.	Analysis

Plaintiff argues that it should be granted leave because it seeks to file its SAC in direct response to Defendants' MTD, and no prejudice, undue delay, or futility warrants denying leave. *See* Motion to Amend/Correct First Amended Complaint ("Mot."), at 13–15, ECF No. 52. It further argues that Defendants' motion to dismiss be deemed moot. *Id.*

Plaintiff states that "[i]t is Second Circuit law that in these exact circumstances, leave to amend a complaint pursuant to Fed. R. Civ. P. 15(a) should be granted." *Id.* at 13. For this proposition, Plaintiff cites *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020). *Pettaway* requires no such thing because this case does not present the "exact [same] circumstances." To begin, in *Pettaway*, the plaintiff had filed an amended complaint *as of right* in response to a motion to dismiss; however, the district court Clerk refused to docket the amended complaint due to form defects. *See id.* Here, in contrast, Plaintiff exhausted its amendment as of right when it filed its FAC. The docket Clerk correctly rejected Plaintiff's attempt to file its SAC because it had obtained neither Defendants' consent nor leave of Court.

*Pettaway* also is distinguishable because the primary issue on appeal was whether a district court is required to deem a pending motion to dismiss moot after an amended complaint is filed *as of right*. *See id.* The Second Circuit held that a district court is not so required, stating that district courts have "the option of either denying a pending motion to dismiss as moot or evaluating the motion in light of the facts alleged in the amended complaint" because "[t]his is a sound approach that promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally sufficient."[1] *Pettaway* is inapposite and does not

---

[1] Plaintiff excerpts this choice quote in its motion for leave, suggesting that the Second Circuit offered this rationale for allowing the *Pettaway* plaintiff to file her amended complaint. Mot., at 13. However, the court was not referring to when and why leave should be granted—nor could it, given that the plaintiff's amendment was *as of right*. Rather, the Second Circuit's referred to promoting judicial economy as a reason for giving district courts the

3

require that I accept Plaintiff's untimely amendment, nor does it require me to deem Defendants' motion moot, if I exercise discretion to allow the amendment.

As to the merits of Plaintiff's request for leave, Plaintiff is correct that Rule 15's liberal spirit generally favors amendments because they "tend to facilitate a proper decision on the merits[,]" *See, e.g.*, *Cmty. Ass'n Underwriters of Am. v. Main Line Fire Prot. Corp.*, No. 18-CV-4273, 2020 U.S. Dist. LEXIS 156882, at *11 (S.D.N.Y. Aug. 28, 2020) (quoting and citing *Foman v. Davis*, 371 U.S. 178, 181–82 (1962)). That said, it remains "within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). District courts may deny leave to amend where there is a showing a undue delay or bad motive, prejudice, or futility. *See id.* Accordingly, I consider whether there is any basis for denying Plaintiff's motion.

*Undue Delay or Bad Motive*

Plaintiff's motion before the Court undoubtedly is delayed; however, "mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n.6 (internal citations omitted). Plaintiff contacted Defendants seeking consent shortly after Defendants filed their motion to dismiss. Plaintiff therefore did not delay in providing Defendants with notice of its intentions. Defendants refused to consent, citing nonfrivolous grounds of futility. To be sure, Plaintiff offers no explanation for its subsequent delay in moving for leave of Court; however, I find this delay immaterial and not cause for denying the motion. I

---

"option" to decide whether to deem a pending motion to dismiss moot or to consider its merits in light of the amended filing. I assume that Plaintiff's misrepresentation was inadvertent, but the parties are hereby reminded that pleadings must comply with the strictures of Fed. R. Civ. P. 11 and counsels' obligations of candor to the tribunal under New York Rules of Professional Conduct R. 3.3.

4

further find no evidence of bad motive, given that the SAC aims to cure the deficiencies identified in the motion to dismiss.

*Prejudice*

In addition, Defendants will not be prejudiced in any legally relevant respect. "[P]rejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is '*undue* prejudice to the opposing party.'" *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (emphasis in original) (internal citations omitted); *see also Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016). In determining what constitutes prejudice, a court considers whether an amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted). "But mere allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" *Cardwell v. Davis Polk & Wardwell LLP*, No. 19-CV-10256, 2021 U.S. Dist. LEXIS 183277, at *41 (S.D.N.Y. Sept. 23, 2021) (internal quotation marks and alteration omitted) (quoting *A.V. by Versace, Inc. v. Gianni Versace*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000)).

None of the *Block* factors are implicated by Plaintiff's proposed SAC. This litigation is in its infancy, heretofore comprised of attempts to properly file pleadings on the docket and pre-answer motion practice. The parties have not engaged in any discovery or even appeared before me. Allowing the amendment will not require the parties to expend any additional resources or delay resolution of the dispute, because as discussed below, I will

5

consider the merits of Defendants' motion in light of the new allegations.  Finally, I know of no other pending litigation that would be impeded or impacted by allowing the amendment.

*Futility*

Finally, with respect to futility, an amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *State St. Global Advisors Trust Co. v. Visbal*, 431 F. Supp. 3d 322, 334 (S.D.N.Y. 2020) (citing *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).  To assess whether Plaintiff's amendment would be futile effectively requires me to address the merits of Defendants' pending motion to dismiss.  Accordingly in the interest of judicial economy, I grant Plaintiff's motion for leave and consider Defendants' motion in light of the allegations in the proposed SAC.  *See Pettaway*, 955 F.3d at 303.

## II. Motion to Dismiss

Defendants move to dismiss the FAC (now SAC) for improper service of process against Defendants RBL, SMC, and SMTUK (R. 12(b)(5)); lack of personal jurisdiction over all Defendants (R. 12(b)(2)); failure to state a claim against Defendants RBL, SMC, and SMI (R. 12(b)(6); and lack of subject matter jurisdiction (R. 12(b)(1)).  Plaintiff obviously has not served, nor attempted to serve, the SAC.  The motion to dismiss under R. 12(b)(5) is denied as moot.

Subject matter jurisdiction is a threshold question, which must be addressed before the merits, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (rejecting the "doctrine of hypothetical jurisdiction"—assuming jurisdiction for the purposes of deciding the merits—because "it carries courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers").  However, the Supreme Court has stated that in certain circumstances, it may be appropriate and permissible for a district court to

address challenges to personal jurisdiction prior to subject matter jurisdiction, particularly where the former are simple and the latter complex, because both go to the ultimate question of a court's *power* to entertain and decide a case. *See Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) (holding that a district court does not abuse its discretion by disposing of a case on personal jurisdiction grounds without first establishing subject-matter jurisdiction because personal jurisdiction is "an essential element of the jurisdiction of a district . . . court without which the court is powerless to proceed to an adjudication") (cleaned up). Accordingly, I exercise my discretion to address the challenge to personal jurisdiction, and grant the motion to dismiss on these grounds.

## RELEVANT FACTS

The nub of the instant dispute is simple: Defendants, or their predecessors-in-interest, held a patent on a toy called the Rubik's Cube. Although the patent has since expired, one or more Defendants holds a trademark registration pertaining to that toy. Plaintiff sells a markedly similar product, the Boyer's SpeedRipper Puzzle, and primarily does so on Amazon.com. Plaintiff claims that one or more of the Defendants caused Amazon to remove Plaintiff's product listing for trademark infringement, preventing Plaintiff from selling its toy on Amazon, and thereby depriving Plaintiff of substantial profits.

Because of the limited basis for my decision, I include only the allegations of the SAC (ECF No. 53-1) that are relevant to whether I have personal jurisdiction over the Defendants named in the SAC.

*The Defendants*

- Defendant Rubik's Cube Limited is a limited liability company organized under the laws of the United Kingdom, with its principal place of business at 7 Lambton Place, London, England W11 2SH. Rubik's sells the famous "Rubik's Cube" and related

7

merchandise.  SAC ¶ 6.  RBL's predecessor-in-interest registered the mark at issue in 1984, and it was renewed in 2014.  *Id.* ¶¶ 77–78.

• Defendant Spin Master Products is a large, multinational toy and entertainment company started in 1994 that designs and sells children's lifestyle products and toys ("Spin Master Products") under their well-known brands, as well as under their licensed properties, such as Flutterbye Fairy, Bunchems, Hatchimals, Paw Patrol, Twisty Petz, Air Hogs, and Rubik's Cube.  *Id.* ¶ 7.  It is located at 225 King Street West, Suite 200, Toronto, Ontario M5V 3M2.  *Id.* ¶ 8.

• Defendant Spin Master Corp. is a limited liability company organized in Canada located at 225 King Street West, Suite 200, Toronto, Ontario M5V 3M2.  *Id.* ¶ 9.  It is also a multinational public company listed on the Canadian stock exchange. Spin Master Corp. generates upwards of $1.5 billion annually.  Spin Master Corp. has over 1,800 employees in 28 offices globally and distributes products in more than 190 countries. Spin Master Corp. is a children's entertainment company best known for brands such as PAW Patrol®, Bakugan®, Kinetic Sand®, Air Hogs®, Hatchimals® and GUND®, and is the toy licensee for other popular properties. Spin Master Corp.'s division, Spin Master Entertainment, creates and produces multiplatform content for children, including the preschool television show PAW Patrol, which airs regularly on Nickelodeon, and which recently was featured in a full-length movie shown across the United States, including in New York.  Additionally, Spin Master Corp. has an Activities, Games & Puzzles and Plush Division which sells highly popular toys both online and in retail stores globally, and which are sold to consumers in New York. Spin Master Corp. also has an established digital presence anchored by the Toca Boca® and Sago Mini® brands, which combined have more than 25 million monthly active users.  ¶¶ 25–26.

• Defendant Spin Master Ltd. is a wholly-owned subsidiary of Defendant Spin Master Corp. located at 121 Bloor St. East, Toronto, ON, M4S 1A9, Canada.  *Id.* ¶¶ 10–11.

• Defendant Spin Master, Inc. is a wholly-owned subsidiary of Spin Master Corp. and Spin Master Ltd.  *Id.* ¶¶ 12, 16.  It is a Delaware corporation, which is authorized to conduct business in New York State with DOS ID: 4318955, and has an office located at 30-30 47th Avenue, Suites 680, 650, 670 & 640, Long Island City, New York 11101.  *Id.* ¶¶ 13–15.

• Defendant Spin Master Toys UK Limited is a limited company organized and existing under the laws of the United Kingdom with an address of Winter Hill House, Marlow Reach, Station Approach, Marlow, England, SL7 1 NT.  *Id.* ¶ 17.  It is a wholly-owned entity of Spin Master.  *Id.* ¶ 18.

• Defendant Spin Master Brand Protection Team is a subsidiary, affiliate, agent and/or an associated entity of Spin Master Products, Spin Master Corp., Spin Master, Inc., Spin Master Ltd. and/or Spin Master Toys UK Limited.  *Id.* ¶ 21.

*Relevant Conduct*

- On January 5, 2021, Spin Master Corp. acquired RBL, and RBL assigned all right, title and interest to Rubik's Cube trademarks to Defendants Spin Master Ltd. and Spin Master Toys UK Limited, which the SAC reminds are "wholly-owned subsidiaries of Defendant Spin Master Corp." *Id.* ¶¶ 28–29, 40. Spin Master Ltd. and Spin Master Toys UK have licensed the Rubik's Cube brand to Spin Master Products, Spin Master Corp., and Spin Master Inc. *Id.* ¶¶ 20, 41.

- The Spin Master Defendants systematically direct and/or target their business at consumers in the United States, including New York, and Spin Master Products including, but not limited to, the "Rubik's Cube" are sold in New York through major retailers such as Wal-Mart, Target, Kohl's, and Barnes & Noble, both online and at brick-and-mortar stores, located throughout New York City and New York State. For example, as of November 3, 2021, there were three different kinds of "Rubik's Cube" toys on sale at the Barnes Noble store located at 555 5th Avenue, New York, NY 10017. *Id.* ¶¶ 30–31. The Spin Master Defendants also derive substantial revenue from their business transactions in New York and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York. *Id.* ¶ 32. Spin Master Ltd. and Spin Master Toys UK Limited regularly sue entities in this court for federal trademark infringement, copyright infringement, and unfair competition under New York State law. *See id.* ¶¶ 33–37 (citing cases).

- Having availed themselves of the privileges and protections of the laws of the United States by, among other things, applying for federal trademarks with the United States Patent and Trademark Office (the "USPTO"), the Spin Master Defendants (including Spin Master, Spin Master Corp., Spin Master Ltd., Spin Master Toys UK Limited and Spin Master, Inc.) should reasonably expect that their actions would have consequences in the United States. Therefore, exercising jurisdiction over them does not offend traditional notions of fair play and due process. *Id.* ¶ 38. Having availed themselves of the privileges and protections of the laws of the State of New York, the Spin Master Defendants (including Spin Master, Spin Master Corp., Spin Master Ltd., Spin Master Toys UK Limited and Spin Master, Inc.) exercising jurisdiction over them does not offend traditional notions of fair play and due process and Defendants should reasonably expect that their actions would have consequences in New York and in this judicial district. *Id.* ¶ 39.

- Defendant Spin Master Brand Protection Team, acting on behalf of the Spin Master Defendants and using a spinmaster.com email address, caused Amazon.com to issue a take-down notice to remove Plaintiff's listings for Boyer's SpeedRipper Puzzle. *Id.* ¶ 20. Plaintiff received said take-down notice on August 19, 2021 which stated that Amazon.com had removed its listing to sell its "SpeedRipper" product due to a "report from a rights owner that the [listings] may infringe the rights of the owner's trademark." *Id.* ¶¶ 51–52. The notice from Amazon.com identified the "rights owner" as Defendant Spin Master. Spin Master has never used the words "Rubik's" or "Rubik's Cube" as

brand names for its products and, thus, word marks owned by Spin Master are not at issue in this case. *Id.* ¶ 53.

## DISCUSSION

A.　Legal Standard

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir.2006). This prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir.2010) (brackets omitted). Federal courts must satisfy three requirements in order to exercise personal jurisdiction over an entity: (1) the entity must have been properly served, (2) the court must have a statutory basis for exercising personal jurisdiction, and (3) the exercise of personal jurisdiction must comport with constitutional due process. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012).

On a Rule 12(b)(2) motion, the court may look beyond the four corners of the complaint and consider materials outside of the pleadings, including accompanying affidavits, declarations, and other written materials. *See Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015) (citing *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)). "In evaluating whether the requisite showing has been made," a court must "construe the pleadings and any supporting materials in the light most favorable" to the plaintiff. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

Finally, as noted above, where a moving party challenges both subject-matter and personal jurisdiction, a district court may dispose of the case on personal jurisdiction grounds without first establishing subject-matter jurisdiction because personal jurisdiction is "an essential

element of the jurisdiction of a district . . . court without which the court is powerless to proceed to an adjudication." *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999).

B. Analysis

Defendants argue that I lack personal jurisdiction over Defendants SMI, SMC, RBL, and SMTUK based upon the limited allegations in the FAC, which Defendants construe as only alleging general personal jurisdiction.

The SAC names new defendants, all of which have Spin Master in their names, and whose identities and relevant conduct are pleaded with varying levels of specificity. In a seemingly hasty and slapdash effort to cure some of the deficiencies identified in Defendants' motion to dismiss the FAC, Plaintiff has created yet others. The SAC's allegations range from contradictory to redundant to unintelligible. On the basis of these allegations, I find it all but impossible to decide whether I have personal jurisdiction over some, all, or even any, of the now-named Defendants. I further note that Fed. R. Civ. P. 8(a)(2) requires a short and plain statement showing that the pleader is entitled to relief. That Plaintiff is entitled to relief from each and every one, or even any, of the now-named Defendants is far from plain. Accordingly, the motion to dismiss for lack of personal jurisdiction is granted.

While I express no opinion on the merits of Plaintiff's claims, the alleged conduct underlying this action does suggest a plausible basis for relief. Accordingly, I am giving Plaintiff one more chance to cure the jurisdictional deficiencies. Plaintiff shall file a Third Amended Complaint, in compliance with the requirements of Rules 8(a)(2) and 11, and counsel's obligations under New York Rules of Professional Conduct. *See supra* note 1.

## CONCLUSION

For the reasons above, Plaintiff's motion for leave to amend is granted.

Defendants' motion to dismiss is granted as to lack of personal jurisdiction but denied as to lack of subject-matter jurisdiction, improper service of process, and failure to state a claim for relief. The argument scheduled for February 17, 2022 is canceled. The Clerk of the Court shall terminate the motions (ECF Nos. 29, 51).

        Plaintiff shall file a Third Amended Complaint no later than March 1, 2022, and Defendant shall answer or otherwise respond by March 22, 2022.

        SO ORDERED.

Dated:      February 7, 2022               /s/ Alvin K. Hellerstein
            New York, New York        ALVIN K. HELLERSTEIN
                                                  United States District Judge