UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
                                                        :
BOYER WORKS USA, LLC,                                   :
                                                        :        **ORDER AND OPINION**
                                       Plaintiff,       :        **GRANTING MOTION TO**
                                                        :        **DISMISS**
              -against-                                 :
                                                        :           21 Civ. 7468 (AKH)
SPIN MASTER PRODUCTS, SPIN MASTER                       :
CORP., SPIN MASTER TOYS UK LIMITED,                     :
SPIN MASTER, INC., SPIN MASTER LTD.,                    :
and SPIN MASTER BRAND PROTECTION                        :
TEAM,                                                   :
                                                        :
                                     Defendants.        :
------------------------------------------------------- X

   ALVIN K. HELLERSTEIN, U.S.D.J.:

          This suit arises from a trademark infringement take-down notice submitted to

Amazon.com by Defendant Spin Master Brand Protection ("SMBPT") on behalf of Spin Master

Toys UK Limited ("SMTUK"), and which caused Amazon.com to remove Plaintiff Boyer

Works USA, LLC's ("Plaintiff") products from the website. Plaintiff asserts a litany of claims

under federal patent, trademark, and copyright laws; antitrust laws; and New York state law. I

previously granted Defendants' motion to dismiss the second amended complaint for lack of

personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for failure to comply with the pleading

requirements under Fed. R. Civ. P. 8(a), ECF No. 60, and gave Plaintiff one more opportunity to

cure the deficiencies. Plaintiff filed its third amended complaint ("TAC"), ECF No. 61, and

Defendants again move to dismiss for lack of personal jurisdiction (R. 12(b)(2)), failure to state a

claim (R. 12(b)(6)), and lack of subject-matter jurisdiction (R. 12(b)(1)). ECF No. 80. For

reasons provided below, the motion is granted.

# BACKGROUND

As indicated in my prior order, the facts are straightforward.  Plaintiff alleges that Defendants, or their predecessors-in-interest, held a patent on a toy called the Rubik's Cube, which has since expired, but for which one or more Defendants holds a trademark registration. Plaintiff sells a markedly similar product, the Boyer's SpeedRipper Puzzle, primarily on Amazon.com, and claims that one or more of the Defendants caused Amazon to remove Plaintiff's listing for trademark infringement, thereby depriving Plaintiff of substantial profits.

And as was the case in my prior order, because of the limited basis for my decision, I include only the allegations of the TAC relevant to determining whether I have subject-matter and personal jurisdiction over this matter.

## *The Parties*

• Plaintiff Boyer Works USA, LLC is a Minnesota corporation with its principal place of business located at 13744 Heather Hills Drive, Burnsville, Minnesota, 55337.  ¶ 22.[1]

• Defendant Spin Master Products ("SMP") is a large, multinational toy and entertainment company started in 1994 that designs and sells children's lifestyle products and toys ("Spin Master Products") under their well-known brands, as well as under their licensed properties, such as Flutterbye Fairy, Bunchems, Hatchimals, Paw Patrol, Twisty Petz, Air Hogs, and Rubik's Cube.  ¶ 23.  It is located at 225 King Street West, Suite 200, Toronto, Ontario M5V 3M2.  ¶ 23.  It has received a license to use, and uses, the contested mark, and SMBPT operates as SMP's agent in enforcing its intellectual property rights.  ¶ 23.

• Defendant Spin Master Corp. ("SMC") is a limited liability company organized in Canada located at 225 King Street West, Suite 200, Toronto, Ontario M5V 3M2.  ¶ 24.  It is also a multinational public company listed on the Canadian stock exchange. Spin Master Corp. generates upwards of $1.5 billion annually.  Spin Master Corp. has over 1,800 employees in 28 offices globally and distributes products in more than 190 countries. Spin Master Corp. is a children's entertainment company best known for brands such as PAW Patrol®, Bakugan®, Kinetic Sand®, Air Hogs®, Hatchimals® and GUND®, and is the toy licensee for other popular properties. Spin Master Corp.'s division, Spin Master Entertainment, creates and produces multiplatform content for children, including the preschool television show PAW Patrol, which airs regularly on Nickelodeon, and which recently was featured in a full-length movie shown across the

---

[1] Unless otherwise noted "¶" refers to paragraphs and allegations in the Third Amended Complaint, ECF No. 61.

United States, including in New York.  Additionally, Spin Master Corp. has an Activities, Games & Puzzles and Plush Division which sells highly popular toys both online and in retail stores globally, and which are sold to consumers in New York. Spin Master Corp. also has an established digital presence anchored by the Toca Boca® and Sago Mini® brands, which combined have more than 25 million monthly active users.  ¶ 24.  SMBPT acts as its agent in enforcing SMC's intellectual property rights.  ¶ 24.

• Defendant Spin Master Ltd. ("SML") is a wholly-owned subsidiary of Defendant Spin Master Corp. located at 121 Bloor St. East, Toronto, ON, M4S 1A9, Canada.  ¶ 25.  has received a license to use, and uses, the contested mark, and SMBPT operates as SML's agent in enforcing its intellectual property rights.  ¶ 25.

• Defendant Spin Master, Inc. ("SMI") (referred to by Plaintiff as "Spin Master New York") is a wholly-owned subsidiary of Spin Master Corp. and Spin Master Ltd.  ¶ 26.  It is a Delaware corporation, which is authorized to conduct business in New York State with DOS ID: 4318955, and has an office located at 30-30 47th Avenue, Suites 680, 650, 670 & 640, Long Island City, New York 11101.  ¶ 26.  SMI has received a license to use, and uses, the contested mark, and SMBPT operates as SMI's agent in enforcing its intellectual property rights.  ¶ 26.

• Defendant Spin Master Toys UK Limited ("SMTUK") is a limited company organized and existing under the laws of the United Kingdom with an address of Winter Hill House, Marlow Reach, Station Approach, Marlow, England, SL7 1 NT.  ¶ 27.  It is a wholly-owned entity of SMC and the owner of the contested mark.  ¶¶ 27–28.  SMBPT acts as SMTUK's agent in enforcing its intellectual property rights.  ¶ 29.

• Defendant Spin Master Brand Protection Team is a subsidiary, affiliate, agent and/or an associated entity of Spin Master Products, Spin Master Corp., Spin Master, Inc., Spin Master Ltd. and/or Spin Master Toys UK Limited, and it acts as the agent of the other Defendants in enforcing their intellectual property rights.  ¶¶ 30–31.

### Relevant Conduct

• On January 5, 2021, Spin Master Corp. acquired Rubik's Brand Limited ("RBL"), and RBL assigned all right, title and interest to Rubik's Cube trademarks to Defendants SML and SMTUK.  ¶¶ 9–10.[2]  SMTUK licensed the mark to each of the other Defendants, including SMBPT.  ¶ 11.

• SMP, SMC, SMI, and SMTUK systematically direct and/or target their business at consumers in the United States, including New York, and Spin Master Products including, but not limited to, the "Rubik's Cube" are sold in New York through major retailers such as Wal-Mart, Target, Kohl's, and Barnes & Noble, both online and at brick-and-mortar stores, located throughout New York City and New York State. For example,

---

[2] Although Plaintiff alleges that the rights were assigned to both SML and SMTUK, the Change Address or Representation Form submitted to the United States Patent and Trade Office lists only SMTUK as the new owner. *See* Ex. D, ECF No. 86-4.

as of November 3, 2021, there were three different kinds of "Rubik's Cube" toys on sale at the Barnes Noble store located at 555 5th Avenue, New York, NY 10017.  ¶¶ 36–38, 43.  SMI also has a "Spin Master East" location with the address of 30-30 47th Avenue, Suites, 680, 650, 670, & 640, in Long Island city, New York, 11101, which the other Defendants regularly make use of in onnection with their respective business activities.  ¶ 41.  Defendants also derive substantial revenue from their business transactions in New York and in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York.  ¶¶ 36–38, 43.  SMI and SMTUK regularly sue entities in this court for federal trademark infringement, copyright infringement, and unfair competition under New York State law.  ¶¶ 39–40, 42, 44 (citing cases).

• Defendant SMBPT, acting on behalf of the Spin Master Defendants and using a spinmaster.com email address, caused Amazon.com to issue a take-down notice to remove Plaintiff's listings for Boyer's SpeedRipper Puzzle.  ¶¶ 4, 18.  Plaintiff received said take-down notice on August 19, 2021 which stated that Amazon.com had removed its listing to sell its "SpeedRipper" product due to a "report from a rights owner that the [listings] may infringe the rights of the owner's trademark."  ¶ 19.  The notice from Amazon.com identified the "rights owner" as Defendant Spin Master.  ¶ 20.

## DISCUSSION

A. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court 'lacks the statutory or constitutional power to adjudicate it.'" *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  The plaintiff has the burden of proving by "a preponderance of the evidence that it exists."  *Id.*  "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations and internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010).

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists."  *Thomas v. Ashcroft*, 470

F.3d 491, 495 (2d Cir.2006).  This prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."  *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir.2010) (brackets omitted).  Federal courts must satisfy three requirements in order to exercise personal jurisdiction over an entity: (1) the entity must have been properly served, (2) the court must have a statutory basis for exercising personal jurisdiction, and (3) the exercise of personal jurisdiction must comport with constitutional due process.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012).

On a Rule 12(b)(2) motion, the court may look beyond the four corners of the complaint and consider materials outside of the pleadings, including accompanying affidavits, declarations, and other written materials.  *See Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015) (citing *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)).  "In evaluating whether the requisite showing has been made," a court must "construe the pleadings and any supporting materials in the light most favorable" to the plaintiff.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

II.     Analysis

A.     Subject-Matter Jurisdiction

Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists.  *See* Fed. R. Civ. P. 12(h) (providing that courts may dismiss cases sua sponte for want of subject-matter jurisdiction).  Such jurisdiction only extends to actual cases or controversies, for which a plaintiff must have standing to sue.  Standing requires that a plaintiff has suffered injury-in-fact, fairly traceable to the defendants, and redressable by the court.  *See TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190 (2021).  In addition, a case or controversy can

exist only between parties having capacity to sue and be sued.  *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 386, 389, 392 (2d Cir. 2021).

        Plaintiff has brought suit against six defendants, only four of whom legally exist. SMP and SMBPT do not legally exist, and thus, lack capacity to be sued.  Because there can be no case or controversy between Plaintiff and imaginary defendants, and therefore no subject-matter jurisdiction, I must dismiss Plaintiff's claims against SMP and SMBPT.

        Plaintiff opposes dismissal of its claims against SMP and SMBPT because, Plaintiff advises, on a motion to dismiss, I must accept as true all of its allegations as long as they are plausible.  *See* Plaintiff's Opposition ("Opp.") at 3, ECF No. 87.  Plaintiff further notes that it effectuated service on these named Defendants, seemingly to suggest that they must exist; Plaintiff urges me to reject Defendants' contrary contentions.  *See id.*

        Plaintiff's arguments are unpersuasive.  Although Plaintiff is correct as to the applicable legal standard on a motion to dismiss, it fails to adequately address the most salient portion of that standard—that I am obligated only to accept "plausible" allegations.  To this end, Plaintiff conclusorily asserts that "[a]t a minimum, it is plausible on the face of the TAC that [Spin Master Brand Protection Team] and [Spin Master Products] exist and are proper parties in this litigation."  *Id.*  I disagree.  "Plausible" means "appearing worthy of belief."  *See* Plausible, Merriam-Webster, https://www.merriam-webster.com/dictionary/plausible.  Neither the TAC's conclusory assertions nor Plaintiff's proofs of service, *see* Exs. A (SMP), B (SMBPT), ECF Nos. 86-1, 86-2, render Plaintiff's allegations about SMP and SMBPT's legal existence "worthy of belief."  If anything, Plaintiff's proofs of service suggest just the opposite.  Both include attestations from a process server, averring that he delivered the documents to a receptionist at SMI's Long Island address.  In the space for additional information regarding attempted service,

the process server stated that he "asked to deliver to the dept [himself], but [the receptionist] insisted that she would take and bring them herself." *Id.*  Departments exist within companies or legal entities and therefore cannot be sued independently.[3]  Accordingly, the motion to dismiss is granted as to SMP and SMBPT.

As to the remaining Defendants, I find that I lack subject-matter jurisdiction over Plaintiff's claims against all but SMTUK, the owner of the mark at issue.  Plaintiff alleges the same facts and seeks the same relief against all Defendants, but Plaintiff lacks standing to bring its claims against all but SMTUK.  Plaintiff, through its loss of business on Amazon.com, has plainly suffered an economic injury-in-fact, but that injury is only fairly traceable to the owner of the property rights at issue.  Plaintiff's injury could only have been caused by SMTUK because only SMTUK could assert and enforce its rights.  Moreover, Plaintiff's injury could only be redressed by relief ordered against SMTUK.  Accordingly, the motion to dismiss is granted as to all legally-existing Defendants, save SMTUK, for lack of subject-matter jurisdiction.

B.    Personal Jurisdiction

Federal courts must satisfy three requirements in order to exercise personal jurisdiction over an entity: (1) the entity must have been properly served, (2) the court must have a statutory basis for exercising personal jurisdiction, and (3) the exercise of personal jurisdiction must comport with constitutional due process.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012).  The statutory basis for exercising personal jurisdiction comes from the statutes of the forum-state in which a federal court sits—here, N.Y. C.P.L.R. 301, 302.

---

[3] Given that Fed. R. Civ. P. 11 requires a party to certify that factual assertions and legal contentions have evidentiary support, I assume that Plaintiff has reviewed its own filings.  Plaintiff knew, or should have known, that neither SMP nor SMBPT, as "departments," are legal entities capable of being sued.  I therefore find these claims frivolous.

Under Section 301, a court may exercise general jurisdiction over a defendant on all causes of action where the defendant's ties to New York are so continuous and systematic as to render them essentially at home in the jurisdiction.  N.Y. C.P.L.R. § 301.  Under Section 302, a court may exercise long-arm jurisdiction over nondomiciliaries that transact business in New York, contract to supply goods or services in New York, or commit a tortious act within the state.  N.Y. C.P.L.R § 302(a)(1), (2).  Section 302 also authorizes jurisdiction based on tortious acts committed outside the state, if the defendant engages in a course of conduct in New York or derives substantial revenue from goods used or consumed or services rendered in New York, § 302 (a)(3)(i), or if a defendant expects, or should reasonably expect, the tortious act to have consequences in the state and derives substantial revenue from interstate or international commerce.  § 302(a)(3)(ii).  The mere likelihood that a product sold will make its way into New York, however, is not sufficient under Section 302.  *Martinez v. Am. Standard*, 91 A.D.2d 652, 653 (2d Dep't. 1982), *aff'd*, 60 N.Y. 2d 873, 458 (1983).  A defendant must "purposefully avail[] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Plaintiff argues that SMTUK is subject to general jurisdiction because it regularly conducts substantial business and derives substantial revenue by selling and marketing products in New York and has availed itself of the privileges and protections of the laws of the United States and New York by obtaining and enforcing intellectual property rights.  *See* Opp. at 9. While no doubt purposeful, none of the foregoing conduct establishes that I may exercise general personal jurisdiction over SMTUK because none of the alleged conduct renders SMTUK at home in New York.  SMTUK is a company organized and existing under the laws of the United Kingdom and is not alleged to have its principal place of business in New York.  Neither

SMTUK's use of SMI's Long Island office, nor its registration to do business in New York, renders it "essentially at home" here. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).   SMTUK is therefore not subject to to general personal jurisdiction, and the action against it must be dismissed.[4]

Plaintiff claims that its allegations plainly show that personal jurisdiction exists, and that if questions remain, I should grant leave to conduct jurisdictional discovery concurrently with substantive discovery.  *See* Opp. at 16.  Although district courts have discretion to order such discovery, *see Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014), this discretion is ordinarily exercised when a plaintiff has made out a colorable claim of personal jurisdiction but lacks key supporting facts that might reasonably be identified through such discovery.  *See, e.g.*, *Singer v. Bank of Palestine*, No. 19-cv-006, 2021 U.S. Dist. LEXIS 177860, at *61–62 (E.D.N.Y. Apr. 30, 2021) (ordering limited jurisdictional discovery where plaintiff made a colorable claim of personal jurisdiction and discovery would allow plaintiff to fully develop the factual record).  I decline to exercise any discretion because Plaintiff has not made out a colorable claim of personal jurisdiction.  Plaintiff alleges that SMTUK is subject to general jurisdiction because it conducts substantial business and derives substantial revenue in New York.  But SMTUK is a company organized under the laws of, presumably with its principal place of business in, the United Kingdom, and therefore cannot be subject to general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137–39 & n.19 (2014) (holding that aside from an exceptional case, a corporation is only at home and subject to general jurisdiction in the state of

---

[4] Plaintiff does not allege that SMTUK is subject to specific personal jurisdiction; however, even assuming that SMTUK's contacts with New York were sufficient to satisfy N.Y. C.P.L.R. § 302, I would still grant the motion to dismiss because Plaintiff's injuries do not arise out of or relate to SMTUK's contacts with New York, and exercising personal jurisdiction would violate the Due Process Clause.  *See Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (citing *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017)).

its incorporation or principal place of business).  No amount of discovery will adduce facts to the contrary.

Accordingly, the motion to dismiss as to SMTUK is granted without prejudice.[5]

## CONCLUSION

For the reasons above, Defendants' motion is granted.  The motion is granted with prejudice as to all Defendants but SMTUK, and as to SMTUK, without prejudice.  The Clerk shall terminate the motion (ECF No. 60), close the case, and award costs to the Defendants.

SO ORDERED.

Dated:      April 28, 2022                    ____/s/ Alvin K. Hellerstein_____
            New York, New York                  ALVIN K. HELLERSTEIN
                                                United States District Judge

---

[5] I grant the motion without prejudice because the underlying facts suggest that Plaintiff's claims seeking a declaratory judgment of noninfringement and cancellation of Defendants' mark based on functionality bear some plausibility.  Should Plaintiff refile its suit in a court that can exercise personal jurisdiction over Defendant, Plaintiff's counsel is again advised of their obligations under Rule 11, and under the New York or applicable Rules of Professional Conduct, prohibiting parties from bringing frivolous claims or violating their duties of candor to the tribunal.